JUSTIN D. DOMINGO AND IRENE F. DOMINGO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Domingo v. Commissioner
Docket No. 1412-83.
United States Tax Court
T.C. Memo 1984-31; 1984 Tax Ct. Memo LEXIS 644; 47 T.C.M. (CCH) 927; T.C.M. (RIA) 84031; January 16, 1984. J. H. Wegge, for the petitioners. Darren Larsen, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Daniel J. Dinan for hearing on respondent's motion to dismiss for lack of jurisdiction. The Court agrees with and adopts his Opinion, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: This case is before us on respondent's motion to dismiss for lack of jurisdiction because the petition in this proceeding was not filed within 90 days after *645 the mailing of the notice of deficiency, as provided by section 6213(a). [1]
On May 7, 1982, respondent sent a statutory notice of deficiency by certified mail to petitioners at their place of residence, the address of which was listed by them on a December, 1981, power of attorney filed with respondent. The notice was received and signed for by Mr. Domingo on May 12, 1982. The power of attorney on file with respondent requested that copies of all correspondence be sent to their attorney. No notice, however, was sent to petitioners' attorney. The petition in this case was filed with the Court on January 20, 1983, 258 days after the deficiency notice was mailed. Respondent contends that a valid notice of deficiency pursuant to section 6212 was issued to petitioners and that they did not file their petition within the 90-day period prescribed by section 6213(a). Petitioners argue that the notice was invalid because it was sent to the wrong address. Petitioners can hardly complain that the notice was not mailed to them at their "last known address", and for purposes *646 of this motion we will assume without deciding that the notice was not mailed to petitioners' last known address, when it was actually received by them with ample time to appeal thereform to this Court. . They offered no explanation why 85 days was not enough time to study the notice and file a petition, and we can only conclude that their own inaction was responsible for the late filing. Accordingly, respondent's motion will be granted. [2]
An appropriate order will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. Since petitioners received actual notice of the deficiency determination, we do not address their contentions that no notice was sent to their attorney.↩